```
                           UNITED STATES DISTRICT COURT
                           SOUTHERN DISTRICT OF FLORIDA

                           CASE NO. 08-21656-CIV-MORENO
                           MAGISTRATE P. A. WHITE

ISRAEL LOPEZ,                  :

       Plaintiff,              :

v.                             :        REPORT OF
                                        MAGISTRATE JUDGE
GUSTAVO J. GARCIA-MONTES,      :

       Defendant.              :
_____
```

The pro-se plaintiff, Israel Lopez, filed a civil rights complaint pursuant to 42 U.S.C. §1983, while confined as a pre-trial detainee in the Training and Treatment Center, Miami, Florida.(De#1) The plaintiff alleges that his privately retained attorney Gustavo J. Garcia-Montes, of Miami, Florida, accepted a $5000.00 retainer and failed to provide him with effective assistance of counsel. The plaintiff seeks monetary damages of $25,000.00 and payment for another attorney. The plaintiff is proceeding in forma pauperis. [DE# 2].

This civil action is before the Court for an initial screening pursuant to 28 U.S.C. §1915.

## II.  Analysis

A.  Applicable Law for Screening

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

   Sec. 1915 Proceedings in Forma Pauperis

>                    *   *   *
>
>      (e)(2) Notwithstanding any filing fee, or
> any portion thereof, that may have been paid,
> the court shall dismiss the case at any time
> if the court determines that –
>
>                    *   *   *
>
>      (B) the action or appeal –
>
>                    *   *   *
>
>      (i)  is frivolous or malicious;
>
>      (ii) fails to state a claim on which
>      relief may be granted; or
>
>      (iii) seeks monetary relief from a
>      defendant who is immune from such
>      relief.

This is a civil rights action Pursuant to 42 U.S.C. §1983. Such actions require the deprivation of a federally protected right by a person acting under color of state law. See 42 U.S.C. 1983; Polk County v Dodson, 454 U.S.312 (1981); Whitehorn v Harrelson, 758 F. 2d 1416, 1419 (11 Cir. 1985.). The standard for determining whether a complaint states a claim upon which relief may be granted is the same whether under 28 U.S.C. §1915(e)(2)(B) or Fed.R.Civ.P. 12(b)(6) or (c). See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). When reviewing complaints pursuant to 28 U.S.C. §1915(e)(2)(B), the Court must apply the standard of review set forth in Fed.R.Civ.P. 12(b)(6), and the Court must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11 Cir. 1997). In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil

rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. <u>Arrington v. Cobb County</u>, 139 F.3d 865, 872 (11 Cir. 1998),<u>See</u>: <u>Whitehorn</u>, 758 F.2d at 1419 <u>id</u>.  <u>Pro se</u> complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."' <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)).   A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Bilal v. Driver</u>, 251 F.3d 1346, 1349 (11 Cir.), <u>cert. denied</u>, 534 U.S. 1044 (2001).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," <u>id.</u>, 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." <u>Denton v. Hernandez</u>, 504 U.S. 25, 31 (1992).

     The complaint may be dismissed if the plaintiff does not plead facts that do not state a claim to relief that is plausible on its face. <u>See</u> <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955 (2007)(retiring the oft-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim); <u>Watts v. FIU</u>, 495 F.3d 1289 (11 Cir. 2007).  While a complaint attacked for failure to state a claim upon which relief can be granted does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Twombly</u>, 127 S.Ct. at 1964-65.  The

rules of pleading do "not require heightened fact pleading of specifics . . . ." The Court's inquiry at this stage focuses on whether the challenged pleadings "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007)(quoting Twombly, 127 S.Ct. at 1964).

B. Factual Allegations

The plaintiff alleges that his privately retained counsel, Gustavo J. Garcia-Montes has failed to provide him with effective assistance. Montes accepted a $5,000.00 retainer fee with the promise that he would obtain a bond reduction and release. Further, he allegedly used threats to attempt to coerce Lopez into accepting a plea. Lopez states that he is no longer being represented by Garcia-Montes, and that his bond has not been reduced.

C. Analysis of Sufficiency of Complaint

This complaint fails to state a claim for multiple reasons. In the first instance, Defendant Garcia-Montes is immune from a §1983 suit for damages. The plaintiff must demonstrate that he has been deprived of a federally protected right by a person acting under "color of state law". Polk County v Dodson, 454 U.S. 312 (1981). Montes, a privately retained attorney was not acting under color of state law.

Secondly, because the plaintiff is a pretrial detainee and his state criminal proceedings are still in progress, this Court is

prohibited from interfering therein.  See Younger v. Harris, 401 U.S. 37 (1971).  Under Younger and its progeny, federal courts must abstain from interfering with ongoing state criminal proceedings absent extraordinary circumstances.  See Arkebauer v. Kiley, 985 F.2d 1351, 1357 (7 Cir. 1993).  Resolving the plaintiff's Section 1983 claims would significantly interfere with pending state criminal proceedings, and the plaintiff has not alleged that any extraordinary circumstances exist for interfering with his state case.

Lastly, claims which challenge the constitutionality of the plaintiff's current detention are not cognizable in a civil rights case; a habeas corpus action (following the exhaustion of state remedies) is the proper vehicle for raising claims that may affect the fact or duration of a criminal defendant's confinement, including pre-trial confinement.  Preiser v. Rodriquez, 411 U.S. 475, 488-490 (1973).

Moreover, if a prisoner or detainee brings such claims in a civil rights action, the complaint must be dismissed unless and until the reason for the confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-487 (1994).  Heck applies to suits filed by pretrial detainees. Alvarez-Machain v. United States, 107 F.3d 696, 700-01 (9 Cir. 1996); Hamilton v. Lyons, 74 F.3d 99, 102-03 (5 Cir. 1996).

III. <u>Conclusion</u>

It is therefore recommended that the Complaint be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

The plaintiff must obtain a public defender from the state courts if he can no longer afford to hire a second private attorney.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Dated this 25th day of June, 2008.

_____
UNITED STATES MAGISTRATE JUDGE


cc:   Israel Lopez, <u>Pro Se</u>
      Training & Tratment Center
      Miami, Florida
      Address of Record

6